UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JAY F. VERMILLION, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | CAUSE NO. 3:12-CV-150 PS |
| SUPERINTENDENT, | ) |  |
| Respondent. | ) |  |

## **OPINION AND ORDER**

This case has a tortured procedural history, but a simple fact pattern. Jay F. Vermillion, a *pro se* prisoner, was charged by prison officials with unlawful trafficking in contraband when a prison employee admitted that he had given him tobacco and a cell phone. Vermillion was found guilty in 2009, but the Final Reviewing Authority vacated that result and ordered a second hearing. Vermillion was again found guilty in 2010, but the Final Reviewing Authority vacated that result as well and ordered a third hearing. Vermillion was yet again found guilty in 2011. That hearing is the subject of this habeas corpus proceeding.

Vermillion lists six grounds for challenging the third hearing, but five of them are merely variations on the same theme. He asserts that he was charged with "Trafficking in I-Cellhouse at 9:30 AM on July 29, 2009 . . ..” ECF 1 at 4 (quotation marks omitted). That simply is not true. The conduct report[1] states that "On 07/29/09 at 9:30 am during an interview with Counselor Donald Bates; (sic) Mr. Bates did admit to trafficking with Offender Vermillion # 973683. Mr.

---

[1] Vermillion did not attach a copy of the conduct report to this habeas corpus petition, but he says that when he was screened in 2011 for his third hearing, he was given a copy of the original conduct report dated July 31, 2009. ECF 1 at 4. The original conduct report was attached to his first habeas corpus petition challenging the first prison disciplinary hearing in which he was found guilty. See Cause No. 3:10cv119, ECF 1-1, p.2. Because it is the same conduct report, I am attaching a copy of it to this order.

Bates stated that he trafficked in tobacco and a cell phone to Vermillion." The conduct report makes clear that what happened on July 29, 2009, was that Counselor Bates confessed to trafficking with Vermillion. The conduct report does not assert that Counselor Bates had any contact with Vermillion on July 29, 2009.

First, Vermillion argues that he was not given adequate notice of the charge against him because he was not told the exact dates, times, and places where he trafficked with Counselor Bates. Though *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974), requires that an inmate be provided with written notice of the factual basis of the charge against him, an inmate has "no right to confront or cross-examine adverse witnesses in his disciplinary proceeding." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Though Vermillion wanted to know additional details about when Counselor Bates trafficked with him, the conduct report was sufficient to place him on notice of the factual basis of the charge against him. "*Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns . . . not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners." *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Here, Vermillion was adequately informed that he was charged with trafficking tobacco and a cell phone with Counselor Bates.

Second, Vermillion argues that he was prevented from calling witnesses. Though *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974), permits an accused inmate the right to present relevant, exculpatory evidence, "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). Here, Vermillion wanted to call witnesses who would testify that he was with them at 9:30 a.m. on July 29, 2009. He wanted this testimony to corroborate his assertion that he was not

trafficking with Counselor Bates at that time. But as noted above, that testimony is irrelevant because Vermillion was not charged with trafficking with Bates at 9:30 on that day. Again, that is the date and time in which Bates confessed.

Third, Vermillion argues that the DHB refused to consider the evidence he presented that he was not trafficking at 9:30 am on July 29, 2009. As I have already explained such evidence was irrelevant because he was not accused of trafficking on that date and time. Fourth, Vermillion argues that the DHB relied on a confidential source to find him guilty. It did not. The conduct report clearly states that Counselor Bates confessed to trafficking with him. Counselor Bates was not a confidential source.

Fifth, Vermillion argues that there was not sufficient evidence to find him guilty. In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Even a conduct report alone can provide sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, Counselor Bates, an employee of the prison, confessed to trafficking with Vermillion. The consequences for him of such an admission were undoubtedly severe. There is simply no doubt that the DHB had sufficient evidence to support finding Vermillion guilty.

Finally, Vermillion argues that it was double jeopardy to find him guilty during the re-hearing because he had already been found guilty and punished as a result of his prior hearings. Though his petition is vague as to the details, he implies that the punishment imposed as a result of those prior hearings was not fully vacated. Even if true, that would not be a basis for obtaining

3

habeas corpus relief in this case, though it could be a basis for seeking to re-open his prior habeas corpus cases. The Final Reviewing Authority vacated the prior two hearings. *See* Cause No. 3:10-cv-119, ECF 14-1 and Cause No. 3:11-cv-123, ECF 7-1. As I explained in the first case:

> If prison officials have not conducted a rehearing, <u>have not restored Vermillion's lost credit time</u>, and do not conduct a rehearing upon request, Vermillion may move to reopen this case, advising the Court that prison officials have refused to abide by the Final Reviewing Authority's directive, and that the original finding of guilt on August 12, 2009 still affects the length or duration of his confinement.

*Vermillion v. Superintendent*, 3:10-cv-119, ECF 14-1 (N.D. Ind. filed April 7, 2010) (emphasis added).

For the foregoing reasons, the court **DISMISSES** this habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4.

**SO ORDERED**.

ENTERED: April 18, 2012

                                             /s/ Philip P. Simon
                                              Chief Judge
                                              United States District Court