UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF INDIANA
                           SOUTH BEND DIVISION

JAY F. VERMILLION,                    )
                                      )
            Petitioner,                )
                                      )
     vs.                              )      CAUSE NO. 3:12CV150-PPS
                                      )
SUPERINTENDENT,                       )
                                      )
            Respondent.                )

## OPINION AND ORDER

Jay F. Vermillion, a *pro se* prisoner, filed this habeas corpus case challenging his prison disciplinary hearing (ISP 09-08-006) which was conducted by the Disciplinary Hearing Body at the Indiana State Prison on July 27, 2011. Vermillion was sanctioned with the loss of 60 days of earned credit time and demoted from Credit Class 1 to Credit Class 2.

On December 20, 2013, I granted a motion to dismiss the case because the disciplinary sanctions had been vacated, leaving no case or controversy to adjudicate. [DE 33.] Vermillion had not responded in opposition to that motion, but prior to the entry of the order, had (unbeknownst to me) submitted a motion for additional time to respond. [DE 32.] I vacated the dismissal, granting Vermillion through March 27, 2014 to file a response to the previous motion to dismiss. [DE 35.]

Subsequently, the state filed a second motion to dismiss on the same mootness basis, supplementing the record with additional evidence of the dismissal of the entire prison disciplinary case. [DE 36.] In support of the earlier motion to dismiss, the respondent submitted a letter from the Legal Services Department of the Indiana Department of Correction to Vermillion, advising that the disciplinary matter was being remanded to the facility for a

rehearing and the sanctions previously imposed rescinded. [DE 31-1.] In support of the new motion to dismiss, respondent argues that "[b]ecause the *entire* [prison disciplinary] case has been dismissed, there is no longer a case or controversy for this Court to adjudicate regarding the original Petition, and the case is moot." [DE 36 at 1-2 (emphasis in original).] In addition, the respondent has submitted a report from the rehearing of the prison disciplinary case indicating that it has been dismissed. [DE 36-1.]

Despite the extension of time in which to respond to the earlier motion to dismiss, and the additional time provided based on the filing of the later motion to dismiss, Vermillion has filed nothing in response or opposition to either motion, and the time for doing so has passed. Because the entire prison disciplinary case has been dismissed, this habeas corpus case must be dismissed because there is no case or controversy to adjudicate. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Vermillion has offered no rationale supporting any other determination.

ACCORDINGLY:

For the foregoing reasons, the first and second motions to dismiss [DE 31 and 36] are **GRANTED**.

Petitioner Jay F. Vermillion's habeas corpus challenge to prison disciplinary proceedings is **DISMISSED** as moot for lack of a justiciable case or controversy.

The Clerk shall enter judgment accordingly.

**SO ORDERED**.

ENTERED: May 2, 2014

                /s/ Philip P. Simon
                Chief Judge
                United States District Court